GALLAGHER

v.

JOHNSON, Sheriff.

[Cite as *Gallagher v. Johnson* (1998), 129 Ohio App.3d 775.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 98–A–0079.

Decided Sept. 15, 1998.

776

*Thomas C. Brown,* for petitioner.

*Thomas L. Sartini,* Ashtabula County Prosecuting Attorney, and *Dean F. Topalof,* Assistant Prosecuting Attorney, for respondent.

*Per Curiam.*

The instant action in habeas corpus is presently before this court for final disposition of the sole claim in the petition. Upon reviewing the stipulated facts and the respective arguments of the parties, this court concludes that although petitioner, Richard Gallagher, is entitled to have his pretrial bail reduced in the underlying criminal action, he is not entitled to be released on a personal recognizance bond. Accordingly, we ultimately hold that petitioner is entitled to the issuance of a writ of habeas corpus only in part.

On August 28, 1998, petitioner initiated the instant action against respondent, Sheriff William Johnson of Ashtabula County. As the sole basis for his habeas corpus claim, petitioner alleged that his present incarceration in the Ashtabula County Jail was illegal because the trial judge in the underlying criminal case had set excessive bail. Following a conference with a magistrate of this court, counsel for the respective parties agreed that an evidential hearing was not

needed in the instant action, and that this matter could go forward solely upon the applicable law and the stipulated facts as set forth in the following materials: (1) the majority of the allegations in the petition, (2) the twenty pages of exhibits attached to the petition, and (3) a copy of the transcript of a hearing held before the trial judge on September 1, 1998.

A review of the foregoing materials shows that petitioner's claim for relief is based on these stipulated facts: (1) on August 17, 1998, a criminal complaint was filed against petitioner in the Eastern Division of the Ashtabula County Court, charging him with one count of domestic violence under R.C. 2919.25, (2) on that same date, petitioner made his initial appearance before Judge Robert S. Wynn, (3) at the conclusion of the proceeding, Judge Wynn set petitioner's bail at $90,000 cash or surety basis, (4) petitioner immediately moved for bail modification, arguing that he should be released on his own recognizance, and (5) following a hearing on the motion, Judge Wynn expressly overruled it.

As part of the hearing on the motion to modify, Judge Wynn stated on the record the reasons for his decision to set bail at $90,000. Specifically, Judge Wynn stated that bail had been set at that figure because petitioner had been charged with a number of offenses over the preceding three months, including one prior charge of domestic violence, one charge of failure to comply, one charge of driving while under the influence of alcohol, and one charge of driving while under a suspension. Judge Wynn further indicated that petitioner had failed to appear for trial on one of the foregoing charges.

In now seeking his immediate release from the county jail, petitioner contends that Judge Wynn abused his discretion in setting the bail in the foregoing manner because the fact that he had other charges pending against him was not relevant to the bail determination under Crim.R. 46. Petitioner also contends that he should be released on his own recognizance because his incarceration in the county jail is having a detrimental effect on his mental health.

 Pursuant to Section 9, Article I of the Ohio Constitution, any defendant charged with a noncapital offense has the right to post bond and obtain his release from jail during the pendency of the criminal action. In applying this constitutional provision, the Supreme Court of Ohio has held that a defendant's right to nonexcessive bail in a noncapital case is absolute, and that a writ of habeas corpus will lie to require a defendant's immediate release when the trial court has set excessive bail. See, *e.g., Locke v. Jenkins* (1969), 20 Ohio St.2d 45, 49 O.O.2d 304, 253 N.E.2d 757.

 In considering the "excessive bail" issue, the Supreme Court has consistently stated that the determination of the amount of bail to be set in any particular case lies within the sound discretion of the trial court. See, *e.g.,*

*Davenport v. Tehan* (1970), 24 Ohio St.2d 91, 53 O.O.2d 250, 264 N.E.2d 642. The Supreme Court has further indicated that when an appellate court concludes that an abuse of that discretion has occurred, that court can exercise its own discretion and reset the bail at a reasonable figure. *In re DeFronzo* (1977), 49 Ohio St.2d 271, 3 O.O.3d 408, 361 N.E.2d 448.

 In light of the foregoing precedent, the Sixth Appellate District has held that when the issue of excessive bail is raised in a habeas corpus action, an appellate court engages in two different types of analysis:

"[W]e shall treat habeas corpus actions challenging the amount of bail as a hybrid. We recognize that it is an appeal from a decision of the trial court and some weight must be afforded the decision of the trial judge who originally set the bond. In addition, we also recognize that habeas corpus is an original action and as such we must hold a hearing *de novo,* requiring evidence to be presented to this court * * * so that we can make our own independent decision as to the requisite bond." *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 13, 26 OBR 179, 181, 497 N.E.2d 1376, 1379.

 In relation to the actual merits of the bail issue, the Supreme Court of Ohio has stated that the primary purpose of bail is to ensure the appearance of the defendant at trial. *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053. However, the most recent version of Crim.R. 46(C), which took effect on July 1, 1998, and applies uniformly to all criminal offenses, specifically indicates that a court can consider "all relevant information" in deciding the amount of bail in a given case. The rule then provides a list of five factors which can be considered: (1) the nature of the charged crime, (2) the weight of the evidence against the defendant, (3) the confirmation of the defendant's identity, his mental condition, and, *inter alia,* his prior criminal convictions, (4) the nature of the defendant's ties to the local community, and (5) whether the defendant had already been on probation, parole, or bail when the crime occurred. The rule further states that other factors can be considered in addition to those specifically listed.

 As was noted above, as part of his argument in this action, petitioner asserts that Judge Wynn abused his discretion in basing his decision upon the fact that petitioner had been charged with a number of offenses over the past three months. We disagree. The consideration of whether a defendant is to be released on a new charge necessarily entails a consideration of the nature of the other pending charges against him and whether he was on parole, probation, or bail. Such information is clearly relevant to the setting of bail because it is indicative of the defendant's ability to abide by the conditions of his release, *i.e.,* if

a defendant has exhibited the tendency not to abide by the conditions of his release, it follows that the amount of his bail could be higher.

Nevertheless, although Judge Wynn's decision was based upon relevant information, this court concludes that the same information did not warrant the setting of petitioner's bail at $90,000. Our review of the applicable case law indicates that, in comparison to the bail in a felony action, the bail in a misdemeanor action must be relatively small unless extraordinary circumstances exist. For example, in *Abbott v. Columbus* (C.P.1972), 32 Ohio Misc. 152, 61 O.O.2d 268, 289 N.E.2d 589, the court concluded that a "felony" bail could only be imposed for a misdemeanor offense when the defendant has repeatedly been convicted of serious offenses or there is a strong likelihood that he will not appear for trial. See, also, *In re Lonardo* (1949), 86 Ohio App. 289, 41 O.O. 313, 89 N.E.2d 502.

Although petitioner is charged with an offense of violence in this case, this court is constrained to note that domestic violence under R.C. 2919.25(A) is a misdemeanor of the first degree. Thus, despite petitioner's prior tendencies not to abide by the conditions of bail, Judge Wynn could only set petitioner's bail at a higher amount than is usually set for misdemeanors.

Our review of the evidential materials before us indicates that, in previously setting petitioner's bail on the misdemeanor offense of failure to comply, Judge Wynn had required him to pay only ten percent of a $5,000 bond. As a result, by setting the bail on the misdemeanor offense of domestic violence at $90,000 cash or surety, Judge Wynn increased the amount of the bail significantly. In our estimation, such an increase was not proportional, even in light of the differences between the two offenses and the other circumstances. Accordingly, as the amount of bail set on the domestic violence charge was excessive, this court concludes that Judge Wynn abused his discretion in setting the bail in the underlying criminal action.

Furthermore, upon independently considering the facts as set forth in the stipulated materials, we conclude that petitioner's bond should be set at $15,000 cash or surety. This conclusion is predicated upon the following: (1) petitioner has been charged with an offense of violence against another person, (2) at the time this offense allegedly took place, petitioner had been free on bail on four other misdemeanor charges, including a separate charge of domestic violence, and (3) petitioner had previously failed to appear for trial on one of the other offenses.

As an aside, we would again note that petitioner further argues that he is entitled to be released on his own recognizance because he is presently suffering from certain psychiatric problems. However, in relation to this point, the evidential materials before us contain only a statement from petitioner's doctor,

in which the doctor avers that any further incarceration at this time would not be "of help" to petitioner's mental health. This statement is not sufficient to demonstrate that petitioner is entitled to be released solely for medical reasons.

Pursuant to the foregoing analysis, judgment is hereby granted in favor of petitioner on his habeas corpus petition in part. Specifically, it is the order of this court that Judge Wynn's bail judgment in Ashtabula C.C. No. 98 CRB 503 is vacated.

It is the further order of this court that bail in that case is hereby reset at $15,000 cash or surety.

It is the further order of this court that, in all other respects, judgment is hereby granted in favor of respondent on the habeas corpus petition.

*So ordered.*

FORD, P.J., CHRISTLEY and NADER, JJ., concur.