Being unable to agree with the majority, I must respectfully dissent. The state argued that, as a policy matter, it opposes all applications for expungement involving allegations of domestic violence because, in the event of another situation involving defendant, such information would be required to set bail and the police would require such information to determine who was the primary aggressor. The state raised no other specific objection to this expungement. In denying defendant's motion to seal his record, the court stated in part:
 However, the State in this particular hearing has offered specific interests of the State in maintaining the records. The one specific interest the State has cited was the determination for law enforcement which is required to be made pursuant to Revised Code 2935.03. That involves the requirement for the State to evaluate whether or not an individual is a primary aggressor in any given circumstance. That does require law enforcement to review all of the criteria set forth in 2935.03.
The court further found that the police would be unable to examine the sealed records.
R.C. 2935.03(B)(3)(d) provides:
 (d) In determining * * * which family or household member is the primary physical aggressor in a situation in which family or household members have committed the offense of domestic violence * * * against each other, a peace officer * * * in addition to any other relevant circumstances, should consider all of the following:
 (i) Any history of domestic violence or of any other violent acts by either person involved in the alleged offense that the officer reasonably can ascertain[.]
R.C. 2953.32(D)(1) provides:
 (D) Inspection of the sealed records included in the order may be made only by the following persons or for the following purposes:
 (1) By a law enforcement officer or prosecutor, or the assistants of either, to determine whether the nature and character of the offense with which a person is to be charged would be affected by virtue of the person's previously having been convicted of a crime[.]
Defendant testified:
 Q. Now, again, with respect to future promotional opportunities, do you believe that the public records available regarding these dismissed charges against you would impact your ability to obtain future promotions with Geico and outside of Geico but within the same insurance industry?
 A. Of course. It's public record. I mean, Geico I mean, I have never worked for any other insurance, but I know Geico, they check credit records, so they do a complete background check just to hire you. I'm sure, for supervisor, it's going to be more than that. I would say yes. [Tr. at 9.]
Defendant's supervisor testified that a record of having been charged with domestic violence could have an impact on his ability to be promoted or transferred.
While the trial court was correct that R.C. 2953.32(D)(1) allows inspection of sealed records to determine previous convictions that could affect the nature of the offense, I find this evinces a legislative intent that previous charges dismissed by the state, are not to be considered. In determining the amount of bail, Crim.R. 46(C), directs the courts to consider the "record of convictions." While pending charges may be considered in setting bail, Gallagher v. Johnson (1998),129 Ohio App.3d 775, as indicative of a defendant's compliance with the terms and conditions of his release, I am unaware of any authority that permits consideration of past charges, dismissed by the state, in determining bail.
Expungement of a conviction for domestic violence is specifically prohibited by R.C. 2953.36(C). I am unpersuaded that a dismissal of a previous allegation of domestic violence that did not result in a conviction is relevant to determine who is the primary aggressor in a later, unrelated situation. Thus, I find little to support the state's argument in general or as applied to the facts of this case.
The charge in this case was dismissed without objection by the state. Given the relative ease with which charges may be filed in a municipal court, the failure of the state to present more than a general policy argument in opposition to this expungement application, and that defendant presented some evidence of impact on his employment, I would sustain defendant's assignments of error and reverse the judgment of the trial court.