OPINION.
{¶ 1} The instant case is a habeas corpus proceeding in which relator, Anton D. Hamilton, seeks his immediate release from the Lake County Jail. As the primary basis for his habeas corpus claim, relator contends that his present incarceration is improper because respondent, Judge Richard L. Collins of the Lake County Court of Common Pleas, has set his pretrial bail in the underlying criminal proceeding at an excessively high amount. For the following reasons, this court concludes that relator's petition does not state a viable claim for the requested relief.
 {¶ 2} A review of relator's petition shows that his habeas corpus claim is based upon the following factual allegations: (1) in December 1999, relator was found guilty of murder in the underlying criminal case and was sentenced to an indefinite term of fifteen years to life; (2) in April 2002, this court reversed relator's conviction and remanded the matter to respondent for a new trial on the murder charge; (3) after the Supreme Court of Ohio had denied the State of Ohio leave to appeal our decision, respondent regained jurisdiction over the matter in September 2002; (4) at the outset of the new proceeding, respondent set relator's pretrial bail at ten percent of $250,000; and (5) relator's second trial is scheduled to go forward in September 2003. In light of these assertions, relator asserts that respondent has denied him his constitutional right to pretrial bail by setting his bail at such a high amount that he is financially unable to post the required bond.
 {¶ 3} As an initial matter, this court would note that relator has failed to maintain this action against the proper party. In considering the legal sufficiency of prior habeas corpus claims, we have expressly held that such claims can be maintained only against the jailer or warden who presently has legal custody of the individual. See, e.g., State exrel. Davis v. Wilson, 11th Dist. No. 2003-T-0049, 2003-Ohio-2840. Thus, despite the fact that the subject matter of the instant action concerns the propriety of respondent's "bail" decision, the sole proper party in relation to his habeas corpus claim would be the Lake County Sheriff, the administrator of the facility in which relator is now an inmate. On this basis alone, relator's habeas corpus claim is subject to immediate dismissal.
 {¶ 4} Nevertheless, even if relator had named the proper party in this matter, the nature of his allegations was such that he would have been unable to demonstrate that he was entitled to the requested relief. This court has previously recognized that, as a general proposition, a writ of habeas corpus can lie to compel the release of an inmate from a county jail when his incarceration is based upon a trial court's "excessive pretrial bail" determination. Gallagher v. Johnson (1998),129 Ohio App.3d 775, 778. We have further recognized that when the "excessive bail" issue is raised in a habeas corpus action, a court of appeals must engage in a two-step analysis. First, that court must determine whether the trial court abused its discretion in setting the amount of bail. Second, if an abuse of discretion is found, that court must weigh the various factors itself and reset the bail at a reasonable amount. Id. at 778-779.
 {¶ 5} In regard to both aspects of the foregoing analysis, ourGallagher opinion indicated that a court of appeals must consider the same factors which the trial court is required to review in rendering its determination. Crim.R. 46(C) provides that, in setting the amount of bail, a trial court should consider all relevant information, including the nature and circumstance of the charged offense, the nature of the evidence against the defendant, the defendant's ties to the local community, any prior criminal record he may have, and any prior record concerning his failure to appear for past court appearances.
 {¶ 6} In the instant action, relator's petition specifically alleges that he has been charged with the murder of his grandfather. Given the obviously serious nature of the charged offense and the nature of the underlying circumstances, this court concludes that the decision to set relator's bail at ten percent of $250,000 would never constitute an abuse of discretion, regardless of any evidence relator could produce regarding the other factors cited in Crim.R. 46(C). Stated differently, regardless of whether relator has the financial ability to post the required bond, the nature of the charged offense in this instance would always be the controlling factor in setting bail, and respondent's decision on this matter would never constitute a violation of the constitutional prohibition against excessive pretrial bail. To this extent, the allegations in relator's petition are insufficient to state a viable habeas corpus claim in regard to the bail issue.
 {¶ 7} As a separate basis for his habeas corpus claim, relator alleges that he is entitled to be released immediately because respondent has violated his statutory right to a speedy trial. As to this point, the Supreme Court of Ohio has consistently held that a viable habeas corpus claim cannot be predicated on an alleged speedy trial violation because the defendant can raise the issue in a direct appeal from conviction. See, e.g., Travis v. Bagley (2001), 92 Ohio St.3d 322, 323. Therefore, even if relator had named a proper party in regard to his habeas corpus claim, he still would be unable to prove a set of facts entitling him to the writ.
 {¶ 8} Under R.C. 2725.05, a habeas corpus claim can be subject to immediate dismissal if the initial review of the petition indicates that the relator has failed to state a viable claim for a writ. See Williamsv. Williams, 11th Dist. No. 2002-T-0105, 2002-Ohio-4224; State ex rel.Beaver v. Konteh (May 29, 1998), 11th Dist. No. 98-T-0073, 1998 Ohio App. LEXIS 2343. Pursuant to the foregoing discussion, this court concludes that relator's habeas corpus claim cannot survive our initial review because, even when his allegations are construed in a manner most favorable to him, they are not sufficient to show that he will be able to demonstrate his entitlement to the writ. Thus, the dismissal of relator's habeas corpus claim is warranted.
 {¶ 9} As a separate claim in the instant petition, relator has also alleged that he is entitled to a writ of mandamus to compel respondent to transfer the venue of his trial in the underlying proceeding to Cuyahoga County. In regard to this claim, we would emphasize that it is well settled under Ohio law that a mandamus action cannot be used as a means to challenge the propriety of a trial court's venue determination because the relator has an adequate legal remedy through a direct appeal of the decision at the end of the entire case. See State exrel. Banc One Corp. v. Walker (1999), 86 Ohio St.3d 169, 173. As a result, relator's mandamus claim is likewise subject to dismissal under Civ.R. 12(B)(6).
 {¶ 10} Because both of relator's claims fail to allege sufficient facts to establish their viability, it is the order of this court that relator's entire petition in habeas corpus and mandamus is sua sponte dismissed.
JUDITH A. CHRISTLEY, J., WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J. concur.