JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On June 13, 2008, the petitioner, Dontaee D. Crosby, through his attorney, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul. Crosby argues that the $25,000 bail is excessive, and that the arraignment judge abused her discretion by failing to lower the bail amount to $5,000. On June 23, 2008, the Sheriff, through the Cuyahoga County Prosecutor, filed his answer and brief in response.
 {¶ 2} Crosby argues that he is not a flight risk because: (1) he does not have a criminal record; (2) he has lived his whole life (20 years) in Cleveland; (3) he is innocent of the charges and intends to defend himself at trial; and (4) he will live with his aunt and sister, if released on a reasonable bond. Furthermore, Crosby states that he is mentally retarded and is at risk while in jail, that he needs to assist his attorney and that the Cuyahoga County Bond Commissioner recommended a $5,000 bond. Accordingly, he concludes that his bail is excessive and this court should issue the writ of habeas corpus to reduce his bail.
 {¶ 3} However, Crosby is charged with robbery, a very serious offense. In the instant case, the perpetrator pushed the victim off his bicycle, went through the victim's pockets, and stole the bicycle. The Sheriff further submits that the victim positively identified Crosby as the perpetrator, and that Crosby was apprehended riding the victim's bicycle shortly after the robbery. Moreover, the 2004-2005 Cuyahoga County Common Pleas Court Bail Investigation Guidelines lists parameters of bail for robbery between a personal bond and $25,000. *Page 4 
 {¶ 4} The principles governing habeas corpus and bail are well established. Under both the United States and Ohio Constitutions, "excessive bail shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. In re Gentry (1982), 7 Ohio App.3d 143, 454 N.E.2d 987 andLewis v. Telb (1985), 26 Ohio App.3d 11, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial. Bland v.Holden (1970), 21 Ohio St. 238, 257 N.E.2d 238.
 {¶ 5} In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Gentry. Pursuant to Crim. R. 46, in determining what is reasonable bail, the court must consider all relevant information including but not limited to, the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, and his character and mental condition. After weighing these factors, the trial court sets the amount of bail within its sound discretion. The discretion to set bail also permits the trial court to change bail as circumstances warrant. State v. Marte (May 23, 1996), Cuyahoga App. No. 69587 and Hardy v. McFaul, Cuyahoga App. No. 84495, 2004-Ohio-2694. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion.Jenkins v. Billy (1989), 43 Ohio St.3d 84, 584 N.E.2d 1045; In reGentry; Lewis; and In re Green (1995), 101 Ohio App.3d 726,656 N.E.2d 705. *Page 5 
 {¶ 6} In the present case this court cannot conclude that the trial court abused its discretion in setting bail at $25,000 for robbery, when that amount comes clearly within the recommended guidelines and when the State avers strong evidence of guilt. Cf. Bell v. State, Cuyahoga App. No. 84408, 2004-Ohio-1906, in which this court denied a writ of habeas corpus when the trial court increased bond from $5,000 to $25,000 for a twenty-two year-old with no criminal record charged with domestic violence, felonious assault, and assault on a police officer.
 {¶ 7} Accordingly, this court denies the petition for habeas corpus. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
CHRISTINE T. MCMONAGLE, J., CONCURS, and MELODY J. STEWART, J., DISSENTS *Page 1