PER CURIAM OPINION
{¶ 1} This proceeding is a habeas corpus action in which petitioner, Terrance T. Phillips, seeks his immediate release from the Trumbull County Jail. As the sole basis for his claim, petitioner asserts that his present incarceration is illegal because the trial court in the underlying criminal case has violated his constitutional right by ordering an excessively high bail. For the following reasons, this court concludes that the habeas corpus petition fails to state a viable claim for the requested relief.
 {¶ 2} A review of petitioner's factual allegations indicates that the criminal case *Page 2 
against him began with the filing of two complaints in the Girard Municipal Court. These two documents charged petitioner with identity fraud, a third-degree felony under R.C. 2913.49, and the misuse of a credit card, a fourth-degree felony under R.C. 2913.21. As to the substance of the crimes, both complaints asserted that petitioner had assisted another individual in the "cloning" of credit cards. It was further alleged that there had been numerous victims of the offenses, and that the value of the property taken was at least $6,000 and could be greater.
 {¶ 3} After being arrested on the two complaints, petitioner was taken before the trial court for his initial appearance. As part of that proceeding, the trial court expressly set petitioner's pretrial bail at $50,000, cash or surety, for which a ten-percent deposit would be acceptable. This bail order was journalized in a written judgment on August 21, 2008.
 {¶ 4} Upon staying six days in the county jail, petitioner was again taken before the trial court for his preliminary hearing on the charges. Unlike his initial appearance, petitioner was represented by counsel during the second hearing. After petitioner had waived certain rights, his counsel moved the trial court to reduce the amount of his bail. In support of this request, counsel emphasized that his client was only twenty-one years old, had no prior criminal record, had not been charged with any crime of violence, and was not likely to flee the jurisdiction. Notwithstanding this argument, the court overruled the oral motion and upheld the initial bail order.
 {¶ 5} As petitioner aptly notes in his habeas corpus claim, Section 9, Article I of the Ohio Constitution states that excessive bail cannot be required in a criminal action. Under this provision, a criminal defendant has an inviolable right to reasonable bail if the *Page 3 
charged offense is bailable. Crosby v. McFaul, 8th Dist. No. 91641,2008-Ohio-3356, at ¶ 4. Consistent with this precedent, this court has indicated that "a defendant's right to nonexcessive bail in a noncapital case is absolute, and * * * a writ of habeas corpus will lie to require a defendant's immediate release when the trial court has set excessive bail." Gallagher v. State (1998), 129 Ohio App.3d 775, 778.
 {¶ 6} Under Ohio law, the basic determination of the amount of the defendant's bail lies within the trial court's sound discretion. Id. As a result, when an appellate court reviews a "bail" order in the context of a habeas corpus proceeding, it must engage in a two-prong analysis: "First, that court must determine whether the trial court abused its discretion in setting the amount of bail. Second, if an abuse of discretion is found, that court must weigh the various factors itself and reset the bail at a reasonable amount." Hamilton v. Collins, 11th Dist. No. 2003-L-094, 2003-Ohio-4104, at ¶ 4.
 {¶ 7} Since the primary purpose of bail is to ensure that the criminal defendant will be present at his subsequent trial, any evidence as to his prior failure to appear at any previous proceedings is relevant in determining the amount of the bond. Crosby, 2008-Ohio-3356, at ¶ 5. In addition, Crim. R. 46 provides that, in setting bail, a trial court should consider all pertinent information, including the nature and circumstances of the charged crimes, the weight of the evidence against the defendant, any ties he may have to the local community, his character and mental condition, and his financial resources and employment history. Id. In turn, in reviewing the "bail" decision under the first step of a habeas corpus case, an appellate court must consider the same factors as the trial court. Gallagher, at 779.
 {¶ 8} After fully reviewing petitioner's factual allegations in the instant case, this *Page 4 
court holds that the nature of the two charged offenses is the controlling factor in determining the amount of bail. Specifically, we would again note that petitioner has not been accused of two petty theft crimes; instead, the complaints have charged him with two serious felony offenses, including a third-degree felony which has a maximum jail term of five years. Furthermore, even though petitioner places heavy emphasis on the fact that neither offense involves any act of physical violence, this point is offset by the point that the complaints expressly allege that the fraudulent use of the "cloned" credit cards have resulted in the taking of approximately $6,000 in property or services. The complaints also indicate that, since the investigation in the matter is ongoing, the extent or "value" involved in the two offenses could be greater than the initial figure.
 {¶ 9} Notwithstanding the serious nature of the two underlying charges, the trial court ordered that petitioner only had to post ten percent of $50,000, cash or surety. Given the relative smallness of the required $5,000, this court concludes that, regardless of the nature of any other relevant evidence petitioner could present, he would not be able to establish that the trial court abused its discretion in making the bail determination. That is, even if we assume that petitioner would be able to demonstrate that he is indigent and has no prior criminal record, those factors would still not be entitled to the same weight as the nature of the charged offenses. Therefore, since petitioner's allegations are not legally sufficient to prove an abuse of discretion, his petition fails to state a viable claim for a writ of habeas corpus.
 {¶ 10} In considering the merits of prior habeas corpus actions, this court has stated that such claims can be subject to immediate dismissal when our initial review of the petitions readily shows that the factual allegations are insufficient to state a feasible *Page 5 
claim for the writ. Hamilton, 2003-Ohio-4104, at ¶ 8, citing R.C. 2725.05. In light of the foregoing discussion, this court holds that, even when the instant allegations are construed in a manner most favorable to petitioner, he has failed to overcome the initial burden under the statute. Accordingly, pursuant to Civ. R. 12(B)(6), it is the sua sponte order of this court that petitioner's habeas corpus claim is dismissed in its entirety.
CYNTHIA WESTCOTT RICE, .J., MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1