OPINION *Page 2 
{¶ 1} Petitioner has filed a Petition requesting the issuance of a Writ of Prohibition and Writ of Habeas Corpus. Respondent has not filed a response.
 {¶ 2} Petitioner, Rick N. Daniels, was charged with domestic violence in the Fairfield County Municipal Court. Respondent released Daniels on several conditions including one which prohibited him from entering the marital residence. The initial bond set by the trial court required Petitioner to "Stay away from 4013 Stringtown Road." The "Recognizance for Appearance" containing this condition was signed by Petitioner and filed with the municipal court at 2:19 P.M. on September 17, 2008. At 3:45 P.M. on September 17, 2008, Petitioner obtained an order from the Domestic Relations Court granting him "exclusive occupancy of the marital residence."
 {¶ 3} Upon learning of the order issued by the Domestic Relations Court, Respondent held a hearing wherein he issued an order requiring Petitioner to cause the alleged victim's right to occupy the marital residence to be restored.
 {¶ 4} Specifically, Petitioner requests Respondent be enjoined from placing the following condition on Petitioner's bond, "To the extent that Defendant (Rick N. Daniels) has already taken action that would affect her occupancy, he shall have all adverse actions modified and the occupancy restored to the alleged victim within 24 hours (by 4:00 p.m. on September 19, 2008)."
 {¶ 5} PROHIBITION.
 {¶ 6} In order for a writ of prohibition to issue, petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary *Page 3 
course of law if a writ of prohibition is denied. State ex rel. Keenanv. Calabrese (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. Ohio Dept. of Adm. Serv., Officeof Collective Bargaining v. State Emp. Relations Bd. (1990),54 Ohio St.3d 48, 562 N.E.2d 125.
 {¶ 7} Crim. R. 46(B) governs conditions of bond which may be imposed upon a criminal defendant and provides,
 {¶ 8} (B) Conditions of bail. The court may impose any of the following conditions of bail:
 {¶ 9} (1) Place the person in the custody of a designated person or organization agreeing to supervise the person;
 {¶ 10} (2) Place restrictions on the travel, association, or place of abode of the person during the period of release;
 {¶ 11} (3) Place the person under a house arrest, electronic monitoring, or work release program;
 {¶ 12} (4) Regulate or prohibit the person's contact with the victim;
 {¶ 13} (5) Regulate the person's contact with witnesses or others associated with the case upon proof of the likelihood that the person will threaten, harass, cause injury, or seek to intimidate those persons;
 {¶ 14} (6) Require a person who is charged with an offense that is alcohol or drug related, and who appears to need treatment, to attend treatment while on bail; *Page 4 
 {¶ 15} (7) Any other constitutional condition considered reasonably necessary to ensure appearance or public safety.
 {¶ 16} The condition imposed by the Court clearly falls within section (2) as it places a restriction upon Petitioner's place of abode. Further, sections (5) and (7) would allow the trial court to prohibit a defendant from interfering with an alleged victim's place of abode during the pendency of the case. A review of Petitioner's actions leads to the conclusion Petitioner circumvented Respondent's orders in an effort to harass and intimidate the alleged victim. Petitioner has failed to prove the elements necessary to warrant the issuance of the writ of prohibition.
 {¶ 17} HABEAS CORPUS.
 {¶ 18} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091.
 {¶ 19} The Supreme Court held habeas corpus was not available to challenge a condition of bond when Petitioner is not physically confined. State ex rel. Smirnoff v. Greene (1998), 84 Ohio St.3d 165. Although a motion to revoke Petitioner's bond was filed, it does not appear Respondent actually revoked the bond causing Petitioner to be physically confined.
 {¶ 20} In Smirnoff, a physician challenged the trial court's bond condition which prohibited Smirnoff from dispensing dangerous drugs. Like Petitioner in this case, Smirnoff posted the bond and filed a petition for writ of habeas corpus challenging the *Page 5 
bond condition. The Smirnoff Court held, "[E]ven assuming that habeas corpus lies to challenge bail conditions when the petitioner is not physically confined, the bail condition challenged by Smirnoff is not of sufficient severity to warrant extraordinary relief in habeas corpus". R.C. 2725.01 provides that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the **426 cause of such imprisonment, restraint, or deprivation." "Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality * * *, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." (Emphasis added.) Hensley v.Mun. Court, San Jose Milpitas Judicial Dist. Santa Clara Cty. (1973),411 U.S. 345, 351, 93 S.Ct. 1571, 1574-1575, 36 L.Ed.2d 294, 300."
 {¶ 21} We also find the restriction placed upon Petitioner in this case is not of the severity which would justify the issuance of the extraordinary writ of habeas corpus.
 {¶ 22} Petitioner's request for a writ of habeas corpus is denied.
Wise, P.J. Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of habeas Corpus is hereby denied. Costs taxed to Petitioner. *Page 1