PER CURIAM OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for final disposition of the motion to dismiss of respondent, Judge John J. Plough of the Portage County Municipal Court. As the primary basis for his motion, respondent contends that the claim of petitioner, Emelda Snype, fails to set forth a viable cause of action because her own allegations support the conclusion that she has not been subject to an improper restraint of her liberty. For the following reasons, we hold that the motion to dismiss has *Page 2 
merit.
 {¶ 2} In bringing this original action, petitioner sought to contest the propriety of a condition which respondent had imposed as part of his bail order in a pending criminal proceeding. At the outset of that underlying case, petitioner was charged with criminal trespass in regard to certain real property located at 350 Aberdeen Lane, Aurora, Ohio. Prior to the filing of the criminal charge, petitioner had been a party to a number of civil actions in which she had essentially asserted that she was still the rightful owner of the residential property. However, the criminal complaint against her alleged that the land in question was now owned by First Franklin Financing.
 {¶ 3} At some point in the criminal proceeding, respondent set petitioner's bail for the charged offense, and she remained free on bond during the entire pendency of the case. The initial terms of petitioner's bail did not contain any provision regarding the subject property. After the case had been pending for approximately fifty days, though, respondent issued a new judgment which addressed the question of whether she could live at, or could have any contact with, the property during the interim period. According to petitioner, the new judgment delineated the following condition:
 {¶ 4} "Court amends bond to require [petitioner] no entry onto property at 350 Aberdeen Lane, Aurora, Ohio 44202, or within 500 yards thereof and if [petitioner] is still living at that property, she must be off property by 3:00 p.m. by 3-13-09."
 {¶ 5} Before the requirement for her to vacate the subject property could take effect, petitioner brought the instant action for a writ of habeas corpus. As the general legal grounds for her petition, she maintained that the new "property" condition was not enforceable because it violated the constitutional prohibition against "excessive bail." *Page 3 
Essentially, she argued that respondent did not have the authority to restrict her contact with the property because such a restriction was not reasonably intended to ensure that she would subsequently appear for her trial on the trespass charge.
 {¶ 6} In now moving to dismiss pursuant to Civ. R. 12(B)(6), respondent has not challenged the basic accuracy of the allegations in the petition. Instead, he argues that the dismissal of the habeas corpus claim is justified because petitioner's allegations are legally insufficient to establish a violation of her constitutional right to be released on bail while the criminal case is pending. Specifically, respondent submits that the "property" condition is permissible because the restriction on petitioner's freedom of movement is so limited that it cannot be said that she is presently subject to any confinement.
 {¶ 7} Section 9, Article I of the Ohio Constitution states that, unless a defendant in a criminal action has been charged with a capital offense, she has a general right to post bond so that she can be released from custody pending trial. This provision further states that a trial court is not permitted to set an "excessive bail." In applying the clear language of the provision, the courts of this state have expressly held that a defendant's right to reasonable bail is viewed as absolute. See, e.g., Gallagher v. State (1998), 129 Ohio App.3d 775,778. In addition, it has been consistently held that if the defendant's present incarceration is due to the setting of excessive bail, an action in habeas corpus can be brought for the purpose of obtaining her immediate release. Phillips v. Altiere, 11th Dist. No. 2008-T-0084,2008-Ohio-4511, at ¶ 5.
 {¶ 8} In the vast majority of habeas corpus actions in which the defendant has sought his pre-trial release, the primary issue has been the propriety of the amount of the bond that is required under the bail order. See, e.g., Chari v. Vore, *Page 4 91 Ohio St.3d, 323, 2001-Ohio-49. In those actions, the focus of the analysis has been whether the trial court abused its discretion in setting the amount of the bond. Gallagher, 129 Ohio App.3d at 778-779. In the instant matter, petitioner has not raised any question as to the amount of the bond, if any, she was required to post. Rather, the sole issue asserted in the text of her petition relates to a condition or term of her bail. Our review of the relevant case law indicates that, although the propriety of a bail condition has sometimes been raised in the context of a habeas corpus proceeding, the nature of the legal analysis has been substantially different.
 {¶ 9} In State ex rel. Smirnoff v. Greene, 84 Ohio St.3d 165,1998-Ohio-526, a physician was indicted on multiple counts of drug trafficking and corrupting another individual with drugs. As a condition of the pre-trial bail, the trial judge ordered that the physician could not prescribe or administer any "dangerous" drug. Asserting that the condition deprived him of the ability to practice medicine, the physician brought a habeas corpus action to contest the legality of the trial judge's order. The court of appeals granted the writ and amended the disputed condition to allow the physician to prescribe certain drugs to his patients. However, on appeal, the Supreme Court of Ohio specifically held that the writ should have been denied.
 {¶ 10} In the first part of its analysis, the Smirnoff court indicated that, under Ohio law, a habeas corpus action cannot generally be employed as a means of challenging a condition of bail. As to this point, the opinion noted that, even in "excessive bail" cases, a criminal defendant must be subject to actual physical confinement before the writ will issue. Id. at 167-168. In the second portion of its discussion, the Smirnoff court further indicated that, unlike Ohio precedent, federal case law has concluded that the propriety *Page 5 
of a bail condition can be raised as part of a habeas corpus proceeding. However, the court then emphasized that, even under the federal precedent, a bail condition will only be invalidated under the rarest of circumstances:
 {¶ 11} "`Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality * * *, its use has been limited to cases of special urgency,leaving more conventional remedies for cases in which the restraints onliberty are neither severe nor immediate.' * * * Hensley v. Mun. Court,San Jose Milpitas Judicial Dist. Santa Clara Cty. (1973), 411 U.S. 345,351, * * *." Id. at 168, (Emphasis sic.) .
 {¶ 12} Applying the foregoing standard to the disputed condition inSmirnoff, the Supreme Court of Ohio ultimately stated that a writ of habeas corpus would not lie even under federal law because the restriction on the physician's right to prescribe drugs was not sufficiently harsh to warrant any relief: "This condition did not limit [the physician's] freedom of movement or otherwise represent a restriction on his liberty severe enough to require the writ." Id. at 169.
 {¶ 13} Although the Smirnoff condition is significantly different than the "property" condition in the instant matter, our review of the relevant Ohio case law shows that the Fifth Appellate District recently applied the Smirnoff analysis to bail conditions which also sought to limit access to residential property. In State ex rel. Daniels v.Harris, 5th Dist. No. 08-CA-63, 2008-Ohio-6527, the defendant was charged with one count of domestic violence. In setting the defendant's bail on this offense, the municipal court ordered him to "stay away" from the marital residence. Notwithstanding this order, the defendant then took steps to obtain a judgment from the domestic relations court which *Page 6 
gave him the exclusive right to occupy the residence. Upon being told of the domestic relations court's new judgment, the municipal court issued a second order requiring the defendant to take any needed step to restore the wife's right to remain in the residence while the criminal case was pending.
 {¶ 14} In response to the municipal court's second order, theDaniels defendant brought a proceeding in prohibition and habeas corpus to contest the validity of both bail conditions. In relation to the habeas corpus claim, the Fifth Appellate District followed both aspects of the Smirnoff analysis. First, the Daniels court held that the writ would not lie under Ohio law because, notwithstanding the enforcement of the two "residence" conditions, the defendant had not been subject to actual physical confinement. Second, after quoting the reference inSmirnoff to the federal standard, the court also concluded that the writ would likewise not lie under federal law because the enforcement of the two conditions did not place any severe restriction upon the defendant's liberty. Based upon this, the Daniels court upheld the "residence" conditions and denied the writ.
 {¶ 15} In the instant action, our application of the Smirnoff analysis dictates the same outcome as in Daniels. First, this court would note that, pursuant to petitioner's own factual allegations, she is not physically incarcerated at this time; i.e., she has been released on bail pending the outcome of her trial on the charged offense. As a result, her petition fails to state a viable claim under Ohio law because a writ of habeas corpus will generally not issue unless some form of actual confinement is involved.
 {¶ 16} Second, petitioner's own allegations indicate that the disputed condition in this case only forbids her from living at one specific residence. This is not an instance in which respondent has sought to limit the area where petitioner can residence. In fact, *Page 7 
the exact opposite is true; that is, petitioner is free to reside anywhere in the general area except at the specific residence at which the alleged trespass occurred. Given the limited nature of the condition, it cannot be said that respondent has severely restricted petitioner's freedom of movement or general liberty. Therefore, petitioner's allegations are not even sufficient to state a viable federal claim in habeas corpus.[1]
 {¶ 17} As was noted above, petitioner's primary argument was that the "property" condition was unenforceable because it was not intended to ensure her appearance at the subsequent trial. In light of the nature of the analysis under Smirnoff and Daniels, it follows that petitioner's point is simply irrelevant to the determination of whether she has stated a proper claim for relief. Nevertheless, this court would indicate that, although ensuring the defendant's presence at trial is an important consideration in setting the conditions of bail, it is certainly not the sole consideration. Crim. R. 46(C) sets forth a list of five different factors which a trial court can consider in determining the type, amount, and conditions of bail. Furthermore, Crim. R. 46(B)(7) expressly states that a court may impose a condition which is deemed necessary to protect the public safety. Given that the pending charge against petitioner arose from a dispute concerning the ownership of the subject residence, respondent could have reasonably concluded that keeping her away from the property was needed to avoid future altercations between the underlying parties. Under such an analysis, the condition would still be proper despite the fact that it would play no role regarding petitioner's appearance at trial.
 {¶ 18} In prior habeas corpus cases, this court has held that such claims can be *Page 8 
subject to immediate dismissal under Civ. R. 12(B)(6) when the allegations demonstrate beyond all doubt that the petitioner has been unable to state a feasible claim for relief. Phillips, 2008-Ohio-4511, at ¶ 10. Pursuant to the foregoing discussion, we conclude that, even when petitioner's allegations are construed in a manner most favorable to her, they are legally insufficient to state a viable habeas corpus claim in regard to the disputed bail condition. Accordingly, the dismissal of this action is warranted.
 {¶ 19} Respondent's motion to dismiss the habeas corpus claim is granted. It is the order of this court that petitioner's entire habeas corpus claim is hereby dismissed.
MARY JANE TRAPP, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] As an aside, it should be noted that petitioner's failure to state a feasible habeas corpus claim might not leave her without a remedy. InSmirnoff, 84 Ohio St.3d at 168, the Supreme Court stated that an action in mandamus or declaratory judgment constitutes an adequate legal remedy for contesting the validity of a bail condition. *Page 1