[Cite as *Schrock v. Doak*, 2013-Ohio-4756.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| MATTHEW M. SCHROCK, | : | **PER CURIUM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2013-P-0038** |
| DAVID DOAK, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition Dismissed.

*Matthew M. Schrock*, pro se, 293 Shultz Street, Akron, Ohio 44310 (Petitioner).

*Victor V. Vigluicci,* Portage County Prosecutor and *John Jared Smiley*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} On April 26, 2013, Matthew M. Schrock petitioned this court pro se for a writ of habeas corpus. Mr. Schrock alleged that Sheriff David Doak of Portage County, Ohio, was holding him in custody, and that the bail was excessive. On May 23, 2013, we issued an alternative writ, and ordered Sheriff Doak to either file an answer, move to dismiss, or move for summary judgment. Thereafter, Sheriff Doak moved to dismiss the petition.

{¶2} "As a general proposition, in order to be entitled to the issuance of a writ of habeas corpus, the petitioner in such an action must be able to demonstrate an unlawful restraint of a person's liberty and the lack of any adequate remedy in the ordinary course of the law." *State ex rel. Kanaga v. Lawson*, 11th Dist. Lake No. 2009-L-106, 2010-Ohio-321, ¶23. A writ of habeas corpus may issue to correct a situation where a defendant is being held due to excessive bail. *Snype v. Plough,* 11th Dist. Portage No. 2009-P-0013, 2009-Ohio-2190, ¶7.

{¶3} In support of his motion to dismiss, the sheriff first notes that R.C. 2725.04, which sets forth the general provisions for obtaining a writ of habeas corpus, requires that the petition be verified in front of a proper officer, such as a notary public, and that Mr. Schrock's is not. Failure to properly verify a petition in compliance with R.C. 2725.04 mandates dismissal. *Jordan v. Johnson*, 12th Dist. Madison No. CA2013-03-007, 2013-Ohio-3679, ¶16-17.

{¶4} Second, the sheriff notes that R.C. 2725.04(D) provides that "[a] copy of the commitment or cause of detention of [petitioner] shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." There is no copy of Mr. Schrock's commitment attached to the petition, nor any indication he was being held without legal authority. Consequently, dismissal is required. *See, e.g., Whitman v. Shaffer*, 8th Dist. Cuyahoga No. 94486, 2010-Ohio-446, ¶3.

{¶5} Third, the sheriff notes that a petition for habeas relief must be dismissed if it fails to state with particularity the extraordinary circumstances entitling the petitioner to such relief. *Arthur v. State*, 8th Dist. Cuyahoga No. 95480, 2010-Ohio-3736, ¶10.

2

Mr. Schrock does not in any fashion particularize the reasons he is entitled to issuance of the writ.

{¶6} Fourth, the sheriff notes that, pursuant to R.C. 2969.25(A), any inmate petitioning for a writ of habeas corpus must also file an affidavit detailing any civil action or appeal he or she has commenced within the previous five years in any state or federal court. *Whitman* at ¶4. Mr. Schrock failed to file such an affidavit with his petition: this mandates dismissal. *See, e.g., Id.*

{¶7} Finally, the sheriff notes that Mr. Schrock has, since the filing of his petition, been released on bond. A copy of his recognizance bond, supported by the affidavit of the assistant prosecutor, is attached to the motion to dismiss. Thus, as the sheriff observes, the petition is moot. *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472 (1992).

{¶8} For all the reasons foregoing, the motion to dismiss is granted. The petition for a writ of habeas corpus is dismissed.

CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.

3