[Cite as *Brooks v. Johnson*, 2015-Ohio-5215.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES BROOKS, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | |
| | : | **CASE NO. 2015-A-0052** |
| - vs - | : | |
| ASHTABULA COUNTY SHERIFF WILLIAM JOHNSON, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*William B. Norman* and *Ziad K. Tayeh*, Norman & Tayeh, LLC, 11509 Lorain Avenue, Cleveland, OH 44111 (For Petitioner).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1} Petitioner, James Brooks, filed a petition for a writ of habeas corpus pursuant to R.C. Chapter 2725 alleging unlawful detention based upon excessive bail. This court issued an alternative writ and ordered respondent, Ashtabula County Sheriff William Johnson, to respond with either an answer, a motion to dismiss pursuant to Civ.R. 12(B), or a Civ.R. 56 motion for summary judgment. In accordance with this

court's order, respondent filed a Civ.R. 12(B)(6) motion to dismiss alleging that the petition is defective. For the reasons that follow, we find it unnecessary to address petitioner's claim because he has failed to comply with the procedural requirements for a habeas petition.

{¶2} R.C. 2725.04 states:

{¶3} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

{¶4} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

{¶5} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

{¶6} "(C) The place where the prisoner is so imprisoned or restrained, if known;

{¶7} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

{¶8} In this case, the petition is not verified. "R.C. 2725.04, which sets forth the general provisions for obtaining a writ of habeas corpus, requires that the petition be verified in front of a proper officer, such as a notary public, and [petitioner's] is not. Failure to properly verify a petition in compliance with R.C. 2725.04 mandates dismissal. *Jordan v. Johnson*, 12th Dist. Madison No. CA2013-03-007, 2013-Ohio-

2

3679, ¶16-17." *Schrock v. Doak,* 11th Dist. Portage No. 2013-P-0038, 2013-Ohio-4756, ¶3.

{¶9} Also, the petition does not have the necessary commitment papers attached. Rather, all that is attached to the petition is a copy of the docket from the underlying criminal case and a copy of the transcript from the preliminary hearing. This court has held:

{¶10} "[T]he petitioner must file all pertinent commitment papers along with the petition. R.C. 2725.04(D). Attaching only some of the paperwork is insufficient. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.,* 95 Ohio St.3d 70, 71 * * * (2002). If any of the required commitment papers is not included with the petition, it is defective. *Id.* The Ohio Supreme Court has held that the commitment papers are necessary for a complete understanding of the petition. *Bloss v. Rogers,* 65 Ohio St.3d 145, 146 * * * (1992). 'When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.' *Id.*" (Parallel citations omitted.) *Bolden v. Lake Cty. Sheriff,* 11th Dist. Lake No. 2015-L-043, 2015-Ohio-2613, ¶4.

{¶11} Furthermore, we note that petitioner indicated in his petition that he was being held in the Ashtabula County Jail and listed Ashtabula County Sheriff William Johnson as respondent. *See* R.C. 2725.04(B) and (C). While this was true at the time petitioner filed his petition, it is no longer the case. A few weeks after filing, petitioner was transferred to federal custody and is, therefore, no longer under the confinement or restraint of respondent. *See, e.g., Rivera v. State,* 11th Dist. Lake No. 2000-L-106,

3

2000 Ohio App. LEXIS 3402, *2 (July 28, 2000) ("In construing this [R.C. 2725.04] requirement, this court has generally concluded that the only proper respondent in a habeas corpus action is the jailor or the warden who is the administrator of the facility at which the petitioner is detained.")

{¶12} For the foregoing reasons, because the petition is defective, petitioner is prevented from maintaining an action in habeas corpus. Accordingly, it is the order of this court that respondent's motion to dismiss is hereby granted and petitioner's habeas corpus petition is dismissed.

CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.