NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1253

THE STATE EX REL. OHIO DEMOCRATIC PARTY ET AL. *v*. LAROSE, SECY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Democratic Party v. LaRose*, Slip Opinion No. 2020-Ohio-1253.]**

*Writ of prohibition sought to invalidate Secretary of State Directive 2020-06 and to establish procedures for completing the 2020 primary election—Subsequent actions by secretary of state and General Assembly rendered the cause moot—Cause dismissed.*

(No. 2020-0388—Submitted March 27, 2020—Decided March 31, 2020.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Just after 10:00 p.m. on Monday, March 16, 2020, the director of the Ohio Department of Health issued an order closing polling places in Ohio "to avoid the imminent threat * * * of widespread exposure to COVID-19," a contagious respiratory disease that can result in serious illness or death.  The same night that

order was issued, respondent, Secretary of State Frank LaRose, issued Directive 2020-06, which purported to extend absentee voting through June 1 and set June 2 as the date for in-person voting at polling places. In-person voting in Ohio's primary election did not take place on March 17 as scheduled.

{¶ 2} On March 17, relators, the Ohio Democratic Party and Kiara Diane Sanders (collectively, "the Democratic Party"), filed this expedited election case seeking a writ of prohibition to invalidate Directive 2020-06. The Democratic Party also asked for an order that would, among other things, allow voters to cast absentee ballots through late April. On March 20, we allowed the Libertarian Party of Ohio to intervene as a relator. The Libertarian Party, too, asks us to invalidate Directive 2020-06, and it seeks to extend absentee voting into May.

{¶ 3} The Democratic Party asked us to dismiss this case after the General Assembly passed 2020 Am.Sub.H.B. No. 197 ("House Bill 197")—an emergency act that voids Directive 2020-06 and establishes how the primary election will proceed, House Bill 197 at Sections 32 and 40. We granted the Democratic Party's application and dismissed its complaint on March 27. __ Ohio St.3d __, 2020-Ohio-1139, __ N.E.3d __. The Libertarian Party's complaint remained pending.

{¶ 4} On March 26, after the deadline for filing evidence had passed, the secretary of state filed supplemental evidence suggesting that the Libertarian Party's complaint is moot. *See Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992) ("an event that causes a case to become moot may be proved by extrinsic evidence outside the record"). The new evidence is a March 26 e-mail in which the secretary of state's director of elections informs county elections boards that House Bill 197 alters the primary-election schedule and that the secretary of state rescinded Directive 2020-06. The governor signed House Bill 197 into law on March 27.

{¶ 5} " A 'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *State ex rel. Gaylor, Inc.*

*v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). A case becomes moot when something happens that makes it impossible for the court to grant the requested relief. *Id.*

{¶ 6} In its complaint, the Libertarian Party first asks for an order requiring the secretary of state to rescind Directive 2020-06. The secretary of state's own action rescinding that directive—along with the General Assembly's action voiding it—clearly renders this aspect of the Libertarian Party's complaint moot.

{¶ 7} The Libertarian Party also asks us to, by way of an order directed at the secretary of state, tell county elections boards how they must conduct the primary election. The Libertarian Party alleges that we have authority to grant such relief "[i]n the absence of immediate guidance from and action by the Ohio General Assembly." Now that the General Assembly has acted and the governor has signed House Bill 197 into law, this aspect of the Libertarian Party's complaint is moot as well.

{¶ 8} In its reply brief, the Libertarian Party argues that House Bill 197 violates federal law (and thus does not render its claim moot). If the Libertarian Party wants to challenge what the General Assembly has done in House Bill 197, that claim is for another day and another case.

{¶ 9} In short, the Libertarian Party asks us to invalidate Directive 2020-06 and establish procedures for completing the 2020 primary election. Subsequent actions by the secretary of state and the General Assembly have rendered those requests moot. We therefore dismiss the Libertarian Party's complaint.

Cause dismissed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, and STEWART, JJ., concur.

FRENCH and DEWINE, JJ., not participating.

———————————

Mark R. Brown for intervening relator.

Dave Yost, Attorney General, and Bridget C. Coontz and Julie M. Pfeiffer, Assistant Attorneys General, for respondent.

Sarah A. Hill, Julie Keys, and Kevin J. Truitt, for amicus curiae Disability Rights Ohio.

Mayle, L.L.C., Andrew R. Mayle, and Ronald J. Mayle, for amici curiae Corey Speweik, Tracy Overmyer, Gary Click, Cynthia Welty, Tim Saltzman, and Liamer Media, L.L.C.

American Civil Liberties Union of Ohio Foundation, Freda Levenson, and David J. Carey; and Demos and Naila S. Awan, for amici curiae the League of Women Voters of Ohio and the Ohio A. Philip Randolph Institute.

Phillips & Co., L.P.A., and Gerald W. Phillips, in support of respondent for amici curiae Gerald W. Phillips and the Ohio Citizens for Honesty, Integrity, and Openness in Government, Ltd.

Isaac, Wiles, Burkholder & Teetor, L.L.C., Donald C. Brey, and Matthew R. Aumann, for amicus curiae State Representative Jason Stephens.

_____