[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Citizens for Community Values, Inc. v. DeWine*, Slip Opinion No. 2020-Ohio-4547.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4547

THE STATE EX REL. CITIZENS FOR COMMUNITY VALUES, INC., ET AL. *v.* DEWINE, GOVERNOR, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Citizens for Community Values, Inc. v. DeWine*, Slip Opinion No. 2020-Ohio-4547.]**

*Mandamus—A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome—Passage of time and intervening legislation rendered mandamus claims moot—Cause dismissed.*

(No. 2020-0175—Submitted May 12, 2020—Decided September 24, 2020.)

IN MANDAMUS.

—————————

**Per Curiam.**

{¶ 1} On January 31, 2020, the General Assembly enacted 2020 Am.Sub.S.B. No. 120 ("S.B. 120"), effective May 1, 2020. Among other things, S.B. 120 amended the 2020-2021 biennial budget bill to appropriate $10 million to

fund scholarships under the Ohio Educational Choice Scholarship Program ("EdChoice") for first-time eligible applicants. The appropriations provisions of S.B. 120 were immediately effective. *See* Ohio Constitution, Article II, Section 1d.

{¶ 2} In this original action, 22 relators[1] seek a writ of mandamus to compel respondents—Governor Mike DeWine, Ohio Department of Education ("ODE"), State Board of Education President Laura Kohler, and Ohio Superintendent of Public Instruction Paola DeMaria—to disregard S.B. 120 and administer the EdChoice program under the law as it existed prior to S.B. 120's passage until May 1, 2020. Respondents have filed a motion to dismiss, and relators have filed a "motion for oral argument and expedited calendar for resolution." We deny relators' motion and dismiss this action as moot.

## I. Background

{¶ 3} Under the EdChoice program, ODE awards up to 60,000 scholarships for eligible students in kindergarten through grade 12 to attend ODE-approved chartered nonpublic schools. R.C. 3310.02(A); R.C. 3310.03. A "priority application period" for EdChoice scholarships typically begins "on the first day of February prior to the first day of July of the school year for which a scholarship is sought" and continues for 75 days. R.C. 3310.16(A). ODE must make scholarship awards no later than "the thirtieth day of June prior to the first day of July of the school year for which a scholarship is sought." *Id*. An EdChoice scholarship provides a maximum of $4,650 for students in "grades kindergarten through eight," R.C. 3310.09(A), and $6,000 for students in "grades nine through twelve," R.C. 3310.09(B)(2).

---

1. The relators are Citizens for Community Values, Inc., Genoa Christian Academy, Monclova Christian Academy, Jen Becker, Jacob Bowling, Jennifer Bowling, Jodi DiDomenica, Jason Dubeansky, Kathleen Dubeansky, Lynette Filson, Daniel Garman, Abby Garman, Korinna Glenn, Guynn Green, Danny Green, Tonya Harrison, Vanessa Luckey, Jackie Moskal, John Pavosevic, Susan Paulic, Cinthia Picciuto, and Nicole Sackenheim.

{¶ 4} S.B. 120 appropriated $10 million for EdChoice scholarships "for students who are eligible for the first time for the 2020-2021 school year." Along with the appropriation, S.B. 120 altered the scholarship-application period for the 2020-2021 school year. Instead of beginning on February 1 and lasting 75 days, the application period began on April 1, 2020, and lasted 60 days.

{¶ 5} Relators commenced this action on February 3, 2020, seeking a writ of mandamus that would (1) order respondents to treat the EdChoice-scholarship sections of S.B. 120 as subject "to the constitutional right to referendum," (2) order the governor to "set forth in both the paper and electronic journals kept by the Secretary of State that [S.B. 120] shall not be effective until May 1, 2020," (3) order ODE to "immediately begin accepting, processing, and awarding EdChoice scholarship applications from all [who were] eligible as of February 1, 2020," and (4) order respondents not to take "any action for the 2020-2021 academic year that would impact the value or amount of EdChoice scholarships available" to those students who were eligible to receive the scholarships as of November 1, 2019. Respondents filed a motion to dismiss on various grounds and included a challenge to relators' standing to sue. Relators opposed the motion to dismiss and also filed a motion asking for oral argument "as soon as practicable."[2]

## II. Analysis

{¶ 6} The gravamen of relators' claim is that S.B. 120's provisions relating to the EdChoice program could not take immediate effect upon enactment because they were subject to referendum. Thus, they claim that the pre-S.B. 120 provisions in R.C. Chapter 3310 should have governed the EdChoice scholarship-application

---

2. Cleveland Lutheran High School Association and Ohio District Lutheran Church Missouri Synod, Inc., filed an amicus curiae brief in support of relators. S.Ct.Prac.R. 16.06 allows amicus briefs without leave of court, but that authorization does not extend to briefs in an original action before an alternative writ is granted. *State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 8. Accordingly, the amici needed leave of court to file their brief in support of relators. *See id.* Since amici did not seek leave in this case, we strike and disregard the amicus brief.

and award processes for the 2020-2021 school year. We need not reach the merits of relators' claims, however, because the passage of time and intervening legislation have rendered this action moot.

{¶ 7} "A ' "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). When something happens that makes it impossible for a court to grant the requested relief, a case becomes moot. *State ex rel. Ohio Democratic Party v. LaRose*, 159 Ohio St.3d 277, 2020-Ohio-1253, 150 N.E.3d 99, ¶ 5.

{¶ 8} Due to the passage of time, relators no longer have a legally cognizable interest in the outcome of this case. Relators allege harms that supposedly arise from the start of the EdChoice application process being pushed from February 1 to April 1, 2020. But the requested relief in this case does not help redress those alleged injuries. April 1, 2020, the start date for the scholarship applications in S.B. 120, has come and gone, as has May 1, 2020, the date that relators contend is the soonest that S.B. 120's EdChoice-related provisions could have become effective. Even if we were to grant the relief that relators seek, it would not redress the supposed harm that is alleged to have occurred due to S.B. 120's changes to the EdChoice scholarship-application process.[3]

{¶ 9} Intervening legislation has also rendered this cause moot. After the motion to dismiss was fully briefed, respondents filed a notice of supplemental

---

3. Despite alleging the time sensitivity of the EdChoice scholarship-application process and the importance of the February 1 date for ODE to start accepting applications, relators did not file a motion to expedite this case. The only part of the case relators asked to expedite was this court's scheduling of oral argument.

authority alerting this court to the General Assembly's passage of 2020 Am.Sub.H.B. No. 197 ("H.B. 197"), effective March 27, 2020. *See Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992) ("an event that causes a case to become moot may be proved by extrinsic evidence outside the record"). H.B. 197 is an emergency act and effectively supersedes S.B. 120 by setting forth the application, eligibility, and funding scheme applicable to EdChoice for the 2020-2021 school year. As a result, relators' challenge to S.B. 120 is moot because S.B. 120 is no longer the operative legislation governing EdChoice for the 2020-2021 school year. And to the extent that relators might challenge the provisions of H.B. 197, such challenge "is for another day and another case." *LaRose* at ¶ 8.

### III. Conclusion

{¶ 10} Because the passage of time and intervening legislation have rendered relators' mandamus claims moot, we dismiss relators' complaint. We also deny relators' motion for oral argument and deny as moot respondents' motion to dismiss.

Cause dismissed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY and FRENCH, JJ., concur in judgment only.

––––––––––––––––

Graydon, Head & Ritchey, L.L.P., Michael A. Roberts, and Brian W. Fox, for relators.

Dave Yost, Attorney General, and Julie M. Pfeiffer and Michael A. Walton, Assistant Attorneys General, for respondents.

––––––––––––––––