[Cite as *Giles v. State*, 2024-Ohio-1011.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

DOMINIQUE GILES,

        Petitioner,

- vs -

STATE OF OHIO,

        Respondent.

CASE NO. 2023-P-0091

Original Action for
Writ of Habeas Corpus

**P E R   C U R I A M**
**O P I N I O N**

Decided: March 18, 2024
Judgment: Petition dismissed

*William B. Norman*, WEB Norman Law, Inc., 115 Lincoln Avenue, Berea, OH 44017 (For Petitioner).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Dominique Giles, petitions for a writ of habeas corpus. For the following reasons, Giles' petition is dismissed.

{¶2} In her petition, Giles maintains that she is being held unlawfully at the Portage County Jail relative to Portage County Common Pleas Case No. 2020 CR 513, and she requests immediate release from custody. In response to Giles' petition, on November 20, 2023, we issued an alternative writ requiring the state to file an answer or otherwise plead within 28 days of service of the petition. On December 13, 2023, the

state moved to dismiss, maintaining that the petition fails to comply with statutory requirements, is moot, and fails to state a claim upon which relief can be granted. Giles did not respond in opposition to the state's motion.

{¶3} R.C. 2725.01 provides, "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." "[H]abeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." (Citations omitted.) *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167-168, 702 N.E.2d 423 (1998); *see also Snype v. Plough*, 11th Dist. Portage No. 2009-P-0013, 2009-Ohio-2190, ¶ 15 ("a writ of habeas corpus will generally not issue unless some form of actual confinement is involved").

{¶4} In the state's motion to dismiss, it maintains that Giles' bond was reinstated by the trial court on November 14, 2023, in the underlying case, and thus she is no longer restrained of her liberty as alleged in her petition. Therefore, the state maintains that Giles' petition is moot.

> "A '"case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). When something happens that makes it impossible for a court to grant the requested relief, a case becomes moot. *State ex rel. Ohio Democratic Party v. LaRose*, 159 Ohio St.3d 277, 2020-Ohio-1253, 150 N.E.3d 99, ¶ 5.

2

*State ex rel. Citizens for Community Values, Inc. v. DeWine*, 162 Ohio St.3d 277, 2020-Ohio-4547, 165 N.E.3d 284, ¶ 7. "[A]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992)

{¶5} Here, Giles' release from confinement has rendered her petition moot. Accordingly, the petition is dismissed on this basis, and we do not reach the other grounds for dismissal set forth in the state's motion to dismiss.

EUGENE A. LUCCI, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.