[Cite as *State v. Conway*, 2025-Ohio-1844.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-700 |
| v. | : | (C.P.C. No. 02CR-1153) |
| James T. Conway III, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 22, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Carpenter Lipps LLP*, *Kort W. Gatterdam*, and *Marc S. Triplett*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, James T. Conway III, appeals from the October 24, 2024 judgment of the Franklin County Court of Common Pleas denying his postconviction motion for appointment of counsel in a capital case. Specifically, Mr. Conway—who is indigent and has been sentenced to death—sought the assistance of counsel to litigate a successive petition for postconviction relief. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} In March 2002, a Franklin County Grand Jury returned a three-count indictment charging Mr. Conway with aggravated murder, attempted aggravated murder, and having a weapon while under a disability. All three offenses pertained to a fight outside a strip club in January 2002 that ended when Mr. Conway retrieved his firearm and fired

multiple shots at two men, killing one and wounding the other. *See State v. Conway*, 2006-Ohio-791, ¶ 1-8 ("*Conway I*"). Based on this conduct, the aggravated-murder count contained a death-penalty specification, charging aggravated murder as part of a course of conduct involving the purposeful killing or attempt to kill two or more persons. R.C. 2929.04(A)(5). Following a jury trial, Mr. Conway was convicted of all counts and specifications on January 31, 2003. On February 6, 2003, the jury returned a verdict recommending that Mr. Conway be sentenced to death, and the trial court accepted that verdict and sentenced him to death on February 18, 2003. Mr. Conway's convictions and sentence were memorialized in the trial court's February 27, 2003 judgment entry.

## A. Direct Appeal

{¶ 3} Mr. Conway directly appealed his convictions and death sentence to the Supreme Court of Ohio in April 2003. The Supreme Court affirmed Mr. Conway's convictions and death sentence on March 8, 2006. *See Conway I* at ¶ 200. Mr. Conway filed a petition for writ of certiorari to the United States Supreme Court in May 2006, which the court denied in October 2006. *See Conway v. Ohio*, 549 U.S. 853 (2006). The Supreme Court of Ohio has also denied both of Mr. Conway's applications to reopen his direct appeal. *State v. Conway*, 2006-Ohio-4288; *State v. Conway*, 2017-Ohio-6964.

## B. First Petition for Postconviction Relief

{¶ 4} While his direct appeal was pending, Mr. Conway filed, with the assistance of counsel, his *first* petition for postconviction relief in the trial court in April 2004 (refiled in August 2004), presenting 13 grounds for relief. On December 27, 2004, the trial court dismissed his petition without ordering additional discovery or conducting an evidentiary hearing. On appeal from that decision, this court found the trial court did not abuse its discretion by denying the petition without a hearing or permitting discovery because the grounds for relief stated in the petition were barred by res judicata or were otherwise insufficient to warrant a hearing. *State v. Conway*, 2005-Ohio-6377 (10th Dist.), *jurisdiction declined*, 2006-Ohio-2226. Accordingly, we affirmed the trial court's denial of Mr. Conway's first petition for postconviction relief, and the Supreme Court declined to exercise its jurisdiction over the case. *See id.* Mr. Conway filed a petition for a writ of

certiorari of that decision, which the United States Supreme Court denied in October 2006. *Conway v. Ohio*, 549 U.S. 959 (2006).

### C. Initial Federal Habeas Proceedings

**{¶ 5}** Mr. Conway filed his initial petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio on October 7, 2007. *Conway v. Houk*, 2016 U.S. Dist. LEXIS 184299 (S.D.Ohio Mar. 1, 2016). The federal district court partially overruled the state's motion to dismiss and authorized several requests for discovery relevant to the grounds of relief presented by Mr. Conway's petition. After Mr. Conway amended the petition, the federal district court granted his request to stay the habeas corpus proceedings pending the exhaustion of his claims in state court and expanded his counsel's appointment to include the successor state court litigation. *See id.*

### D. Second Petition for Postconviction Relief

**{¶ 6}** With the assistance of counsel, Mr. Conway filed a ***second*** petition for postconviction relief in the trial court on July 14, 2016. The state filed a motion to dismiss on August 15, 2016. On January 6, 2017, in an entry containing findings of fact and conclusions of law, the trial court sustained the state's motion and dismissed Mr. Conway's petition without a hearing. (Jan. 6, 2017 Entry.)

**{¶ 7}** Mr. Conway appealed, raising multiple claims regarding the propriety of the trial court's dismissal. Finding that Mr. Conway failed to demonstrate the trial court had jurisdiction under R.C. 2953.23(A)(1) to hear his successive petition for postconviction relief, we affirmed the trial court's decision dismissing Mr. Conway's second petition without a hearing. *See State v. Conway*, 2019-Ohio-382, ¶ 87 (10th Dist.).

### E. Subsequent Federal Habeas Proceedings

**{¶ 8}** Mr. Conway filed his third amended habeas petition on September 24, 2021. Citing the Supreme Court's recent decision in *State v. Bethel*, 2022-Ohio-783, Mr. Conway moved to stay the federal proceedings so he could return to the state courts for a third time in order to pursue the same *Brady* and conflict of interest/ineffective assistance of counsel claims the state courts had previously dismissed. Mr. Conway argued the Supreme Court's decision in *Bethel* expanded the scope of the successive postconviction remedies that he previously pursued and opened the possibility for him to pursue a delayed motion for a new

trial, thus rendering portions of his second, tenth, and eleventh claims for federal habeas relief unexhausted. Specifically, Mr. Conway contended that *Bethel* lowered the standard of proof for satisfying Ohio's successive postconviction jurisdictional prerequisites set forth in R.C. 2953.23(A)(1), and also removed a time limitation for seeking a new trial based on newly discovered evidence pursuant to Ohio Crim.R. 33. Citing several non-binding decisions, Mr. Conway argued his once-exhausted claims became unexhausted when the Supreme Court modified the applicable state procedure in *Bethel*.

{¶ 9} Citing several recent decisions from judges within the United States District Court for the Southern District of Ohio, the federal district court concluded the *Bethel* decision did not render Mr. Conway's claims unexhausted. *Conway v. Houk*, 2023 U.S. Dist. LEXIS 171558, *16-17 (S.D.Ohio Sept. 26, 2023). Thus, the court denied Mr. Conway's motion for stay and his motion to expand counsel's appointment to include the litigation when he returned to state court to pursue his *Bethel*-based claims. *Id*. at *22.

### F. Appointment of Counsel to Litigate Third Petition for Postconviction Relief

{¶ 10} At issue in this case is the trial court's decision to deny Mr. Conway's motion for appointed counsel. On October 17, 2024, Mr. Conway filed, through counsel, a motion requesting the trial court appoint counsel to litigate a successive petition for postconviction relief and/or a delayed motion for a new trial pursuant to the revised standards established by the Supreme Court in *Bethel*. (*See* Oct. 17, 2024 Mot. at 2.) The state filed written opposition to Mr. Conway's motion, arguing he has no new claims to pursue and, thus, should be denied appointment of counsel to litigate a third petition for postconviction relief. (*See* Oct. 22, 2024 Memo Contra.)

{¶ 11} On October 24, 2024, the trial court entered a judgment denying Mr. Conway's motion for appointment of counsel. In the decision, the trial court observed that the United States District Court for the Southern District of Ohio refused Mr. Conway's request for appointment of counsel in March 2023. Additionally, the court noted that no postconviction petition was pending before the court, as Mr. Conway had awaited the trial court's ruling on his motion for appointment of counsel to file a third petition for postconviction relief. Nevertheless, the trial court concluded that Mr. Conway "has not

demonstrated prima facie grounds for relief, or shown that he has substantial post-conviction claims to pursue." (Oct. 24, 2024 Entry.)

{¶ 12} Mr. Conway timely appealed from that decision and now asserts the following assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL

## II. ANALYSIS

{¶ 13} In this appeal, Mr. Conway asks this court to reverse the trial court's October 24, 2024 entry denying his motion for appointment of counsel to litigate a third petition for postconviction relief. The state contends we do not have jurisdiction to do so because the entry is not a final appealable order. In response, Mr. Conway asserts the trial court's entry is final and appealable under either R.C. 2505.02(B)(2) or (B)(4).

{¶ 14} Article IV, Section 3(B)(2) of the Ohio Constitution confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶ 15} The entry denying appointed counsel is not a judgment of conviction subject to review on direct appeal under R.C. 2953.02 or 2953.08. Nor is the entry reviewable under the jurisdiction conferred by R.C. 2953.23(B) to review an order denying a petition for postconviction relief. *See also State v. Schlee*, 2008-Ohio-545, ¶ 12. At issue, then, is whether the trial court's October 24, 2024 entry is a final, appealable order under R.C. 2505.03, as defined in R.C. 2505.02(B).

{¶ 16} An appeals court has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree" as defined by R.C. 2505.02(B).

### A. The entry denying appointed counsel is not a final, appealable order under R.C. 2505.02(B)(2)

{¶ 17} R.C. 2505.02(B)(2) defines a "final order" to include an order that "affects a substantial right" in "an action," when that order is "made in a special proceeding." R.C. 2505.02(B)(2). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Thus, we must determine whether Mr. Conway can show

that the trial court's entry denying appointed counsel for purposes of filing a third petition for postconviction relief involves a "substantial right." For the following reasons, we conclude he cannot.

### 1. Postconviction Proceedings

**{¶ 18}** Postconviction proceedings in Ohio constitute "a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Found in R.C. 2953.21 and 2953.23, Ohio's statutory framework governing postconviction proceedings permits individuals convicted of criminal offenses to petition for postconviction relief if they fall within one of four statutorily defined categories. *State v. Miller*, 2023-Ohio-3448, ¶ 19, citing R.C. 2953.21(A)(1)(a)(i) through (iv) (Kennedy, C.J., concurring in judgment only).

**{¶ 19}** But this statutory scheme imposes significant limitations. Petitioners are generally restricted to filing a single petition, and strict time constraints apply. *State v. Johnson*, 2024-Ohio-134, ¶ 1, citing R.C. 2953.23 and 2953.21(A)(2). Relevant here, R.C. 2953.21(A)(2)(a) requires a petition for postconviction relief to be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed . . . in the direct appeal of the judgment of conviction," except as otherwise provided in R.C. 2953.23. Here, there is no dispute that the deadline has long passed and, thus, a filing would be untimely under R.C. 2953.21(A).

**{¶ 20}** A trial court lacks jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

**{¶ 21}** The first exception that would allow consideration of an untimely petition for postconviction relief is set forth in R.C. 2953.23(A)(1). Specifically, the petitioner must show either he was unavoidably prevented from discovering the facts necessary to present his claim for relief ***or*** the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in his situation. R.C. 2953.23(A)(1)(a). If the petitioner is able to show one of these threshold conditions applies, he must further show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty." R.C. 2953.23(A)(1)(b).

{¶ 22} The second exception that would allow a trial court to consider an untimely petition for postconviction relief is set forth in R.C. 2953.23(A)(2). This exception applies to petitioners convicted of a felony offense and for whom DNA testing was performed under specific statutes and "the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense." R.C. 2953.23(A)(2).

### 2. Right to Counsel in Postconviction Proceedings

{¶ 23} The Sixth Amendment to the United States Constitution provides a right to the effective assistance of counsel in criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668 (1984). Generally, however, an indigent individual has no constitutional right to counsel in state court postconviction proceedings. *See, e.g., State v. Crowder*, 60 Ohio St.3d 151, 152 (1991). *See also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). This is because postconviction proceedings are civil in nature. *See State v. Scudder*, 131 Ohio App.3d 470, 473-74 (10th Dist. 1998). Unlike a criminal defendant, a civil litigant—even if indigent—has no constitutional right to the effective assistance of counsel. *See id.* at 474.

{¶ 24} One notable exception to this general principle is the Supreme Court's holding in *Crowder*. In *Crowder*, the court read R.C. 120.16(A)(1) and (D) as creating a right to appointed counsel for a postconviction petition if the "public defender concludes that the issues raised by the petitioner have arguable merit." *Crowder* at paragraph one of the syllabus. *See also* R.C. 120.16(A)(1) (providing the "county public defender **shall** provide legal representation to indigent adults and juveniles . . . in postconviction proceedings") (emphasis added); R.C. 120.16(D) (providing the "county public defender **shall not** be required to prosecute any . . . postconviction remedy . . . unless [he] is first satisfied there is arguable merit to the proceeding") (emphasis added). But, here, the public defender is not seeking to represent Mr. Conway. Thus, nothing in the record before us suggests the public defender has found any of the issues Mr. Conway intends to raise in his third petition for postconviction relief or a delayed motion for a new trial have arguable merit. As such, we find Mr. Conway has no right to appointed counsel under R.C. 120.16.

{¶ 25} Another notable exception to the general principle that postconviction petitioners are not entitled to appointed counsel applies to indigent petitioners who, like

Mr. Conway, have been sentenced to death.  Specifically, R.C. 2953.21(J)(1) provides that, "[i]f a person sentenced to death intends to file a petition under this section, the court shall appoint counsel to represent the person upon a finding that the person is indigent and that the person either accepts the appointment of counsel or is unable to make a competent decision whether to accept or reject the appointment of counsel."[1]

**{¶ 26}** This court has consistently construed "a petition under this section" in the first clause of R.C. 2953.21(J)(1)—formerly R.C. 2953.21(I)(1)—as requiring a trial court to appoint counsel "only in the case of a timely-filed *first* petition for post-conviction relief." (Emphasis added.) *State v. Conway*, 2013-Ohio-3741, ¶ 71-72 (10th Dist.).  *See also State v. Jackson*, 2019-Ohio-4995, ¶ 21 (10th Dist.); *State v. Waddy*, 2016-Ohio-4911, ¶ 43-46 (10th Dist.); *State v. Burke*, 2005-Ohio-7020, ¶ 46 (10th Dist.).

**{¶ 27}** Here, Mr. Conway moved the trial court to appoint counsel to assist in litigating his *third* attempt at postconviction relief.  Based on the principles of stare decisis, we find Mr. Conway did not have a statutory right to the assistance of counsel in filing his third petition for postconviction relief, despite having been sentenced to death.

**{¶ 28}** "Stare decisis is a cornerstone of our legal system," *Webster v. Reproductive Health Servs.*, 492 U.S. 490, 518 (1989), that "compels a court to recognize and follow an established legal decision in subsequent cases in which the same question of law is at issue," *State v. Henderson*, 2020-Ohio-4784, ¶ 28.  And, the Supreme Court of Ohio has described precedent involving statutory interpretation " 'as more sacrosanct than the common-law precedents.' " *State v. Williams*, 2024-Ohio-1433, ¶ 17, quoting *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 6 (1989).  This is because the legislature can always amend a statute if it disagrees with a court's interpretation.  *See, e.g.*, *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 2019-Ohio-2851, ¶ 19. *Compare Williams* at ¶ 45-51 (Kennedy, C.J., concurring in judgment only) (stressing that "[a] clearly erroneous interpretation of a statute should not remain the law simply because it was earlier in time").

---

[1] R.C. 2953.21(J)(2) expressly prohibits a petitioner from collaterally challenging counsel's effectiveness in pursuit of postconviction relief: "The ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section, in an appeal of any action under this section, or in an application to reopen a direct appeal."

{¶ 29} Since this court has previously interpreted R.C. 2953.21(J)(1) as providing indigent persons who have been sentenced to death with a right to counsel *only* in timely *initial* petitions for postconviction relief—and in the absence of any argument that our previous decisions interpreting this language were clearly erroneous—we are duty-bound to follow this court's controlling legal precedent. Thus, while Mr. Conway, as an indigent defendant who received a death sentence, had a statutory right to appointed counsel to pursue a timely-filed initial petition for postconviction relief, he did not have a constitutional or statutory right to the counsel he sought from the trial court to pursue his third postconviction relief petition.

{¶ 30} Having found that no law or procedural rule confers a right to appointed counsel to litigate a third petition for postconviction relief under the facts and circumstances of this case, the trial court's October 24, 2024 entry does not affect a substantial right. Thus, it is not a "final order" as defined by R.C. 2505.02(B)(2).

### B. The entry denying appointed counsel is a final, appealable order under R.C. 2505.02(B)(4).

{¶ 31} For purposes of the grant of jurisdiction under R.C. 2505.03(A), a "final order" also includes an order that "grants or denies a provisional remedy" and satisfies two additional requirements. R.C. 2505.02(B)(4). The statute defines a "provisional remedy" as a remedy sought in "a proceeding ancillary to an action" and provides a non-exhaustive list of "ancillary" proceedings, including discovery of privileged matter and suppression of evidence. R.C. 2505.02(A)(3). The Supreme Court has defined "a proceeding ancillary to an action" as a proceeding that is "attendant upon or aids" the action. *State v. Muncie*, 91 Ohio St.3d 440, 448-49 (2001). *See, e.g., id.* at 450 (finding a petition for forced medication deemed necessary for restoration to competency under R.C. 2945.38 is a "provisional remedy" ancillary to the criminal action undertaken by the state against an incompetent criminal defendant); *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 68 (1956) (noting that "an attachment is a provisional remedy; an ancillary proceeding which must be appended to a principal action and whose very validity must necessarily depend upon the validity of the commencement of the principal action").

{¶ 32} Not every order granting or denying relief sought in an ancillary proceeding will necessarily satisfy the additional requirements imposed by R.C. 2505.02(B)(4),

however.  An order is final under R.C. 2505.02(B)(4) if it (1) grants or denies a provisional remedy, (2) "determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and (3) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."  R.C. 2505.02(B)(4).  *See also Muncie* at 446.

{¶ 33}  Here, the trial court's entry overruling Mr. Conway's motion for appointed counsel may fairly be said to have denied "a provisional remedy" because the proceedings on that motion are "ancillary" to—that is, in aid of—Mr. Conway's forthcoming petition for postconviction relief (or delayed motion for a new trial).  *See, e.g.*, *State v. Jordan*, 2023-Ohio-2666, ¶ 22 (observing that an "order disqualifying defense counsel involves a provisional remedy" for purposes of R.C. 2505.02(B)(4)) (DeWine, J., dissenting).

{¶ 34}  Regarding R.C. 2505.02(B)(4)(a), we must determine whether the trial court's entry denying Mr. Conway's petition for appointed counsel effectively determines the action with respect to the provisional remedy and prevents a judgment in Mr. Conway's favor with respect to the provisional remedy.  We find that denying appointed counsel to litigate a petition for postconviction relief or delayed motion for a new trial meets this requirement because "there [is] no further opportunity to petition the court for the remedy being sought."  *Muncie* at 451, citing *Swearingen v. Waste Technologies Industries*, 134 Ohio App.3d 702, 713 (7th Dist. 1999) (finding an order precluding an attorney from appearing pro hac vice met R.C. 2505.02(B)(4)(a) because the action would have continued and "appellants would have been forced to proceed without the aid of the counsel requested"), and *State v. Saadey*, 2000 Ohio App. LEXIS 3552 (7th Dist. June 30, 2000) (finding order disqualifying defense counsel met R.C. 2505.02(B)(4)(a)).

{¶ 35}  The trial court's denial of Mr. Conway's motion for appointed counsel determined the action with respect to the motion and prevented judgment in favor of Mr. Conway with respect to the provisional remedy.  Although we ultimately find Mr. Conway did not have a right to appointed counsel under the facts and circumstances of this case, there are some instances where a postconviction petitioner will be entitled to appointed counsel.  Considering the applicability of R.C. 2505.02(B)(4)(a) in a broad sense, we find

that a motion denying the appointment of counsel generally meets the requirement set forth in R.C. 2505.02(B)(4)(a).

{¶ 36} Our final inquiry is whether Mr. Conway would be precluded from a meaningful or effective remedy on appeal following a final judgment as to the entire action. R.C. 2505.02(B)(4)(b). In determining whether an appeal after final judgment would afford a meaningful or effective remedy under R.C. 2505.02(B)(4)(b), we must consider "whether there is a harm such that appeal after final judgment would not rectify the damage." (Internal quotations omitted.) *In re D.H.*, 2018-Ohio-17, ¶ 18. In other words, where " 'the proverbial bell cannot be unrung." *Muncie* at 451, quoting *Gibson-Myers & Assocs. v. Pearce*, 1999 Ohio App. LEXIS 5010, *2 (9th Dist. Oct. 27, 1999), and citing *Cuervo v. Snell*, 2000 Ohio App. LEXIS 4404 (10th Dist. Sept. 26, 2000).

{¶ 37} In this case, we find that an appeal following a judgment on the merits of Mr. Conway's third postconviction motion may offer *a* remedy, but not an ***adequate*** one, given the unique nature of capital proceedings involving an indigent person who has been sentenced to death. Otherwise, such defendant—lacking the funds to hire counsel on his own—could remain on death row or even be wrongly executed while attempting to litigate, pro se, a petition for postconviction relief. Given the stringent jurisdictional requirements for pursuing an untimely and/or successive postconviction action in Ohio, ensuring that persons who are statutorily entitled to the assistance of counsel under R.C. 2953.21(J)(1) is fundamental and impacts the entirety of postconviction proceedings. As such, we reach a narrow and limited conclusion that a trial court's order denying appointed counsel to an indigent defendant who has been sentenced to death satisfies the requirement set forth in R.C. 2505.02(B)(4)(b). Of course, whether a petitioner is ***actually entitled*** to the appointment of counsel for purposes of litigating a postconviction petition is an entirely different question.

{¶ 38} For the foregoing reasons, we conclude the trial court's order denying Mr. Conway's motion for appointment of counsel, pursuant to R.C. 2953.21(J)(1), to litigate a successive petition for postconviction relief is a final, appealable order under R.C. 2505.02(B)(4). As such, we have jurisdiction to review it. *See* R.C. 2505.03(A).

**C. Mr. Conway was not entitled to appointment of counsel to file a third petition for postconviction relief.**

{¶ 39} As explained above, our prior decisions have explicitly interpreted R.C. 2953.21(J)(1) as providing a right to counsel *only* when a person sentenced to death intends to file a timely *initial* petition for postconviction relief, and Mr. Conway does not claim R.C. 120.16(D) applies. *See, e.g.*, *Jackson*, 2019-Ohio-4995 at ¶ 21 (explaining that R.C. 2953.21(J)(1) "does not extend to successive or untimely postconviction relief petitions under R.C. 2953.23"); *Waddy*, 2016-Ohio-4911 at ¶ 43-46; *Burke*, 2005-Ohio-7020 at ¶ 46.

{¶ 40} Therefore, bound by our court's precedent, we must conclude the trial court did not err in denying Mr. Conway's motion for appointment of counsel under the facts and circumstances of this case.

**D. The trial court's premature denial of Mr. Conway's motion for appointment of counsel was harmless.**

{¶ 41} Mr. Conway also contends the trial court erred by prematurely denying his motion for appointment of counsel. He asserts that pursuant to Civ.R. 6(C)(1) and Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division, he had seven days to submit a reply in support of his motion for appointment of counsel. However, the trial court denied his motion two days after the state filed its opposition memorandum, thus depriving him of the opportunity to file a reply. The state does not dispute error in this regard but claims any such error was harmless. We agree.

{¶ 42} Harmless errors do not call for reversal. *See, e.g.*, *State v. Kendrick*, 2022-Ohio-634, ¶ 29-31 (2d Dist.) (applying Crim.R. 52(A) harmless error standard to find a trial court's error in denying petition for postconviction relief before petitioner responded to the state's motion to dismiss was harmless because the error did not affect a substantial right or prejudice the petitioner); *State v. West*, 2017-Ohio-8474, ¶ 9 (9th Dist.) (applying Civ.R. 61 harmless error standard to find that any error in the trial court's res judicata determination in denying petition for postconviction relief was harmless because his substantive postconviction claim lacked merit). Even if the trial court had permitted Mr. Conway to file a reply, his reply would not have changed the trial court's determination that he was not entitled to appointment of counsel for purposes of preparing and filing a third

petition for postconviction relief.  Because the trial court's premature denial did not affect the result in this case, we find the error was harmless.

{¶ 43}  Based on the foregoing, we overrule Mr. Conway's sole assignment of error.

**III. CONCLUSION**

{¶ 44}  For all of these reasons, we affirm the October 24, 2024 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and DINGUS, JJ., concur.