[Cite as *State v. New Bey*, 2025-Ohio-4373.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 114610 |
| MIKIAL K. NEW BEY, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-621383-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee.*

Mikial K. New Bey, *pro se.*


EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Mikial K. New Bey ("New Bey") appeals the denial of his postconviction petition to set aside his criminal convictions. He claims the following error:

The trial court erred and abused its discretion by dismissing Appellant's Petition to Vacate or Set Aside Judgment or Sentence on grounds that it lacked jurisdiction where Appellant presented sufficient evidence to satisfy the jurisdictional requirements for entertaining late petitions, and further demonstrated that, but for constitutional deprivations, no reasonable factfinder would have found him guilty of the offense of which he was convicted.

{¶ 2} We find that the trial court lacked jurisdiction to consider New Bey's petition for postconviction relief because it was not timely filed. Accordingly, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In December 2019, New Bey was found guilty by a jury of seven counts of child endangering, and he was sentenced to an aggregate eight-year prison term in January 2020. This court affirmed New Bey's convictions, and he did not challenge his sentence on appeal. *See State v. New Bey*, 2021-Ohio-1482 (8th Dist.).

{¶ 4} On December 6, 2022, New Bey filed a postconviction petition to vacate or set aside his convictions. The trial court dismissed the petition in October 2024 for lack of jurisdiction. New Bey now appeals the dismissal of his petition for postconviction relief pursuant to R.C. 2953.21.

## II. Law and Analysis

{¶ 5} In the sole assignment of error, New Bey argues the trial court abused its discretion in dismissing his petition for postconviction relief. He argues he presented sufficient evidence to satisfy the jurisdictional requirements for adjudicating an untimely petition. He also contends he demonstrated that, but for constitutional deprivations, no reasonable factfinder would have found him guilty.

{¶ 6} R.C. 2953.21 through 2953.23 set forth the process by which a convicted defendant may seek to have his or her convictions or sentence vacated or set aside pursuant to a petition for postconviction relief. Postconviction relief is a civil collateral attack on a criminal judgment. *State v. Curry*, 2019-Ohio-5338, ¶ 12 (8th Dist.). "Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281-282 (1999). The statute affords relief from judgment where the petitioner's rights were denied during the criminal proceedings to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A)(1)(a)(i).

{¶ 7} We generally review a trial court's ruling on a postconviction-relief petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 49. However, the question of whether the trial court possessed subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law subject to de novo review. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24. In a de novo review, we review the merits of the case independently, without any deference to the trial court. *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 2021-Ohio-2592, ¶ 21 (8th Dist.).

{¶ 8} R.C. 2953.21(A)(2)(a) provides that a petition for postconviction relief must be filed no later than 365 days after the transcript was filed in the petitioner's direct appeal or, if no appeal is filed, no later than 365 days "after the expiration of the time for filing the appeal." The transcript from New Bey's trial was transmitted

to the court of appeals for his direct appeal on March 3, 2020, and New Bey did not file his postconviction petition until October 2022, well beyond the deadline set forth under R.C. 2953.21.

{¶ 9} A trial court lacks jurisdiction to consider an untimely postconviction petition unless one of the two exceptions provided in R.C. 2953.23(A) is applicable. *Apanovitch* at ¶ 36 and 38 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

{¶ 10} Under the first exception, set forth in R.C. 2953.23(A)(1), the petitioner must show either that (1) he was unavoidably prevented from discovering the facts necessary to present his claim for relief or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in his situation. R.C. 2953.23(A)(1)(a). "If the petitioner is able to show that one of these threshold conditions applies, he must further show 'by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty.'" *State v. Conway*, 2025-Ohio-1844, ¶ 21 (10th Dist.), quoting R.C. 2953.23(A)(1)(b).

{¶ 11} The second exception, set forth in R.C. 2953.23(A)(2), "applies to petitioners convicted of a felony offense and for whom DNA testing was performed under specific statutes and 'the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense.'" *Id.* at ¶ 22, quoting R.C. 2953.23(A)(2).

{¶ 12} New Bey concedes that neither of the exceptions set forth in R.C. 2953.23(A) is applicable here. He argues instead that his case presents "a distinct and unique cause to excuse the untimely filing of the petition." (Appellant's brief p. 14.) He contends the untimely filing of his postconviction petition should be excused because the period between the time the trial transcript was filed in his direct appeal and his postconviction-petition deadline occurred during the COVID-19 pandemic. He further asserts that the law library at Lake Erie Correctional Institution was closed from April 29, 2020, through March 1, 2021, and again from April 23, 2021, through March 3, 2022. He cites *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 2020-Ohio-1166, in support of his argument.

{¶ 13} On March 27, 2020, the Ohio governor signed 2020 Am.Sub.H.B. No. 197 ("House Bill 197") into law. *State ex rel. Ohio Democratic Party v. LaRose*, 2020-Ohio-1253, ¶ 4. House Bill 197 "tolled all time limitations under the Ohio Revised Code and the Ohio Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever was sooner." *Morris v. Morris*, 2021-Ohio-2677, ¶ 37 (8th Dist.). "[T]he Ohio Supreme Court determined that the tolling order in Am.Sub.H.B. No. 197 applied to all Ohio Rules of Court and time requirements, including filing deadlines within the applicable tolling period." *Id.*, citing *In re Tolling of Time*. Therefore, the Court issued an order tolling all time requirements, including filing deadlines within the applicable period. *Id.*, citing *In*

*Re Tolling of Time* at paragraphs A-D.  The order was retroactive to March 9, 2020.
*Id.*

{¶ 14} As previously stated, the transcript from New Bey's trial was filed in his direct appeal on March 3, 2020.  Ordinarily, his postconviction petition would have been due on or before March 3, 2021.  However, pursuant to *In re Tolling of Time*, the period for filing New Bey's postconviction petition was tolled for 143 days between March 9, 2020, and July 30, 2020, and, as a result, his filing deadline was extended to July 25, 2022.  But New Bey did not file his petition until December 6, 2022, over four months after the deadline.

{¶ 15} New Bey's petition was, therefore, untimely even when the additional time provided in the Ohio Supreme Court's pandemic order was applied.  And, New Bey has not provided any legal authority to support his claim that his "unique" or "extraordinary circumstances" justify an additional extension of time beyond that provided in *In re Tolling of Time,* 2020-Ohio-1166.  There are no "extraordinary circumstances" or "good cause" exceptions for untimely filed petitions for postconviction relief.

{¶ 16} New Bey would nevertheless like us to create an exception because the law library at the Lake Erie Correctional Institution was closed from April 29, 2020, through March 1, 2021, and from April 23, 2021, through March 3, 2022.  However, we have consistently rejected "claims that lack of access to legal materials or library limitations constitute good cause for untimely filing."  *State v. Tomlinson*, 2022-Ohio-2575, ¶ 12 (8th Dist.), citing *State v. Wynn*, 2017-Ohio-9151, ¶ 4 (8th Dist.),

citing *State v. Young*, 2016-Ohio-3165 (8th Dist.); *State v. Crain*, 2012-Ohio-1340 (8th Dist.). Therefore, the fact that the law library was closed does not justify an extension of the filing deadline applicable to postconviction petitions.

{¶ 17} New Bey's postconviction petition was not timely filed, and there are no applicable exceptions to the filing deadline. The sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
DEENA R. CALABRESE, J., CONCUR