[Cite as *State v. Johnson*, 2026-Ohio-756.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 30496 |
|     Appellee | : |
| | :   Trial Court Case No. 2024 CR 01793 |
| v. | : |
| | :   (Criminal Appeal from Common Pleas |
| CHADWICK JOHNSON | :   Court) |
| | : |
|     Appellant | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 6, 2026, the appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

AARON M. HERZIG and NATHAN R. COYNE, Attorneys for Appellant
MICHAEL P. ALLEN, Attorney for Appellee

HUFFMAN, J.

**{¶ 1}** Chadwick Johnson appeals from a judgment entry revoking community control sanctions. For the following reasons, this appeal is dismissed as moot.

**Facts and Procedural History**

**{¶ 2}** On August 28, 2024, Johnson was charged by way of a bill of information with two counts of violation of a protection order and one count of criminal trespass. He pled guilty to the offenses on September 11, 2024. Disposition occurred on May 8, 2025, and the court sentenced Johnson to community control sanctions for a period not to exceed five years. A post-conviction no contact order was issued preventing contact with K.J., the subject of the protection order, who was Johnson's estranged wife and the mother of his children.

**{¶ 3}** On October 15, 2024, Johnson filed a motion to modify conditions of the no contact order as outlined in a consent agreement between him and K.J. in the domestic relations court. He sought limited communication with K.J. by means of the "Our Family Wizard" application to facilitate parenting time. On November 4, 2024, the court issued a notice of hearing regarding modification of terms and conditions of community control supervision, noting that the State of Michigan, where Johnson resided, denied interstate compact supervision.

**{¶ 4}** At the subsequent hearing on November 12, 2024, the court granted Johnson's request to use "Our Family Wizard" to communicate with K.J. regarding issues of visitation

with the children. The court imposed monitored time supervision consistent with the interstate rules and regulations for interstate supervision of offenders, with Johnson additionally consenting to continued counseling for anger management, to a substance abuse assessment and completion of any recommendations therefrom, and to report in person to probation when in Ohio for court proceedings or visitation. The court advised Johnson that a violation of the restrictions to which he agreed could result in a revocation of his community control sanctions, and that a failure to abide by the no-contact order as modified, with the exception of court hearings, could result in criminal charges. A modification of community control sanctions was issued on November 20, 2024.

{¶ 5} On December 17, 2024, a notice of community control sanctions revocation hearing and order was issued, stating that Johnson was arrested by the Centerville Police Department for domestic violence and menacing on December 15, 2024. An amended notice of revocation was filed against Johnson on March 5, 2025, based on his arrest. It stated that on March 3, 2025, Johnson was charged with three counts of aggravated menacing and three counts of domestic violence threats in Dayton Municipal Court. It alleged that Johnson violated Rule 1, which required him to obey local, state, and federal laws and to immediately contact his probation officer if arrested or contacted by law enforcement, and Sanction 2, which required full compliance with the no contact order while also only using the "Our Family Wizard" application for purposes of visitation and custody.

{¶ 6} After multiple continuances, a revocation hearing occurred on May 8, 2025. At the start thereof, the court indicated it had been advised that after a trial in Dayton Municipal Court, Johnson was convicted of three counts of aggravated menacing and one count of domestic violence threats. Counsel for Johnson conceded that the convictions established that Johnson violated his monitored time supervision. The court indicated that it reviewed

3

victim impact statements from K.J. and the children. The court imposed jail terms of 180 days for each protection order violation and 30 days for criminal trespass, to be served concurrently with each other for an aggregate term of 180 days. The court ordered the sentence to be served consecutively to the term imposed in municipal court. Johnson received 122 days of jail time credit.

{¶ 7} Johnson timely appealed from the trial court's judgment. During the pendency of the appeal, this court overruled motions filed by Johnson to consolidate the instant appeal with his appeal from the municipal court case and to stay briefing of this appeal pending resolution of the municipal court matter.

### Assignment of Error and Analysis

{¶ 8} Johnson asserts one assignment of error. He argues that the court erred "by finding a community control violation." Johnson's argument is based solely on his belief that his conviction in municipal court, which served as the basis for his revocation, will be reversed.

{¶ 9} Even if his municipal court conviction were reversed, simple arithmetic establishes that Johnson has been released from jail after the expiration of his aggregate sentence of 180 days in this matter and his sentence in Dayton Municipal Court. Johnson's companion appeal before us reflects that on April 14, 2025, he was sentenced to 180 days on one count of aggravated menacing, with credit for 123 days and 57 days to be served at the jail; 180 days on a second count of aggravated menacing, with credit for 64 days and 116 days suspended; and 30 days for domestic violence threats, with credit for 64 days. He was also sentenced to two years of non-reporting community control. Here he received 122 days of jail time credit towards his 180 aggregate jail term, leaving 58 days to serve upon

4

the completion of the sentence in his municipal court case. Put differently, Johnson was released from jail in August 2025.

{¶ 10} "'A case becomes moot when something happens that makes it impossible for the court to grant the requested relief.'" *State v. Vaughan*, 2023-Ohio-2330, ¶ 9 (2d Dist.), quoting *State ex rel. Ohio Democratic Party v. LaRose*, 2020-Ohio-1253, ¶ 5. Johnson asks us to reverse the finding that he violated community control. Our "function under App.R. 12(A) is to affirm, reverse or modify judgments, not findings." *Id.* Counsel for Johnson admitted the violation, and the only aspect of the judgment on appeal at issue was the imposition of a jail term, which has been served. Under these circumstances, Johnson's appeal is moot, and it is dismissed.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.